J. E. DORGAN *et al.*, Appellants, v. CHRISTINA PIEHN
*et al.*, Appellees.

Judgment for Tort: RELEASE OF PART OF DEFENDANTS. The defend-
ant herein having agreed to accept the sum of three hundred dollars
and costs in satisfaction of a judgment against five persons for a tort, the
sum of sixty dollars was paid by each of three of said judgment defend-
ants, and receipts delivered to them, acknowledging full satisfaction
of all claims against them on account of said judgment. The accrued
costs in the action being demanded of the other two defendants, in
addition to the balance of the three hundred dollars, payment thereof
was refused, and the settlement was not completed. *Held*, in an action to
restrain the collection of the judgment or execution, that the receipts
to the three defendants did not, under the circumstances, operate to
release them from liability upon said judgment, and, therefore,
satisfy said judgment as to all.

Appeal from Chickasaw District Court. — HON. L. O.
HATCH, Judge.

THURSDAY, FEBRUARY 4, 1892.

ACTION in equity to restrain the collection of a
judgment. After a hearing on the merits, the petition
of the plaintiffs was dismissed, and they appeal.
—*Affirmed.*

*A. C. Boylan*, for appellants.

*J. H. Powers* and *L. L. Ainsworth*, for appellees.

ROBINSON, C. J. — In March, 1885, the defendant,
Christine Piehn, recovered judgment for three hundred
and forty-two dollars and fifty cents damages and one
hundred and seventy-seven dollars and twenty-nine
cents costs against William H. Dorgan and J. E.
Dorgan, who are the plaintiffs in this case, and also
against Cyrus Carkins, Butterfield Carkins, Allen Lewis
and others, for a joint tort committed by all the persons

against whom the judgment was rendered     Of the amount recovered, fifty dollars were remitted.     The plaintiffs allege that . in March, 1886 Cyrus and Butterfield Carkins and Lewis each paid Christine Piehn sixty dollars, and received from her receipts which were substantially alike, and that the following is a copy of one given to Butterfield Carkins:

"NEW HAMPTON, IOWA, March 30, 1886.

"Received of Butterfield Carkins sixty dollars ($60) in full satisfaction and in full of all demands, of whatsoever nature or kind, now held by myself against him, and especially in full of all demands against him by reason of a certain judgment running to myself, and against Butterfield Carkins. and others, and recorded in book 7, on page 105, Judgment Docket Record, Chickasaw county, Iowa; this receipt intending to cover all moneys due me thereon, and running from said Butterfield Carkins; and this receipt being and is to be considered an entire release of the said judgment, so far as the said Butterfield Carkins is concerned.                     CHRISTINE PIEHN."

It is insisted that, since the judgment in question was rendered for a joint tort, a release as to one of the defendants operated to release the judgment as to all, and therefore that the judgment has been satisfied, and cannot be enforced as to the plaintiffs.     The evidence shows that there was an attempt made to have the judgment satisfied by the payment of a portion of the amount which it represented.     Each of the judgment debtors named was to pay the sum of sixty dollars, but, it is claimed by the defendants, was not to be discharged from liability for the costs.     The parties met, and three receipts were signed by Mrs. Piehn.     Cyrus and Butterfield Carkins and Lewis were to pay money for their respective shares, but the Dorgans did not have the money, and it was arranged that James E. Dorgan should confess judgment for one hundred and twenty dollars on account of their share of the amount to be

paid.   W. H. Dorgan was not present, but James was acting for both.   A statement for the judgment by confession was prepared, but . before it was executed Dorgan demanded a receipt similar to those prepared for his co-defendants, and one was drawn; but the attorney for Mrs. Piehn added to it the words, "Defendants to pay costs."   Dorgan refused to accept it in that form, and the settlement proceeded no further.   The attorney for Cyrus and Butterfield Carkins and Lewis had deposited on the table one hundred and eighty dollars, and had taken the receipts which had been prepared for his clients.   The provision in regard to the payment of costs had been overlooked in drawing those receipts, and when attention was called to the omission Mrs. Piehn demanded that the provision be inserted, asked for a return of the receipts and refused to accept the money.   The receipts were carried away, however, and the money which had been left was finally taken by Mrs. Piehn, but whether to preserve for the persons who had paid it or to use for her own benefit does not appear.   It is shown, however, that, as a conditon of settlement, Mrs. Piehn required the payment to herself of three hundred dollars, and the satisfaction of the judgment as to costs.   The judgment debtors refused to pay the amount agreed upon, and the proposed settlement did not become effectual.   The three receipts which were signed were never delivered, but were wrongfully taken by the attorney for the persons in whose favor they had been drawn. Since the agreement of settlement was not carried into effect, there is no ground for claiming that the judgment in question is satisfied, and the court properly denied the relief the plaintiffs asked.
AFFIRMED.